**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

SUSAN RICHMOND-LOTT,

Plaintiff,

Case No.:

v.

AETNA LIFE INSURANCE COMPANY,

Defendant.
_________________________________/

# COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Susan Richmond-Lott, by and through undersigned counsel hereby files her Complaint against Defendant, Aetna Life Insurance Company, and says:

## I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

## II. PARTIES

2. Plaintiff, Susan Richmond-Lott ("Ms. Richmond-Lott"), is a citizen of the United States of America and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, Aetna Life Insurance Company (hereinafter "Aetna" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

## III. FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, Aetna operated under an inherent structural conflict of interest because of Aetna's dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Richmond-Lott was employed with Jordan's Furniture, Inc. as a sales consultant. By virtue of her employment at Jordan's Furniture, Inc., Ms. Richmond-Lott was an eligible participant of the long-term policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. Richmond-Lott a monthly benefit in the event that she became disabled.

7. The long-term disability policy defined Disability, in pertinent part, as follows:

*From the date that you first become disabled and until Monthly Benefits are payable for 36 months, you will be deemed to be disabled on any day if:*

- *You are not able to perform the material duties of your own occupation solely because of: disease or injury; and*
- *Your work earnings are 80% or less of your adjusted predisability earnings.*

*After the first 36 months that any Monthly Benefit is payable during a period of disability, you will be deemed to be disabled on any day if you are not able to work at any reasonable occupation solely because of:*

- *Disease; or*
- *Injury.*

8. Ms. Richmond-Lott suffers from multiple medical conditions and symptoms, including, but not limited to: bacterial meningitis, chronic fatigue syndrome, fibromyalgia and depression.

9. Ms. Richmond-Lott has been unable to earn more than 80% of her Predisability Earnings at her own occupation, and earn 60% of her adjusted Predisability earnings in any other reasonable occupation, at all times material to this claim; she is disabled under the terms of the long-term disability policy.

10. Ms. Richmond-Lott was forced to discontinue working on August 16, 2009 due to her disabling condition.

11. In accordance with the procedures set forth by the long-term disability policy, Ms. Richmond-Lott notified Defendant that she was disabled.

12. Defendant approved Ms. Richmond-Lott's long-term disability benefits.

13. Defendant terminated Ms. Richmond-Lott's long-term disability benefits effective May 12, 2015. Defendant communicated its decision via letter dated May 11, 2015.

14. Ms. Richmond-Lott timely appealed Defendant's decision.

15. Defendant denied Ms. Richmond-Lott's appeal in a letter dated September 1, 2015.

16. Ms. Richmond-Lott exhausted her appeals under ERISA.

17. In terminating Ms. Richmond-Lott's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18. The termination of Ms. Richmond-Lott's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

19. The termination of Ms. Richmond-Lott's disability benefits breached the fiduciary duties owed to Ms. Richmond-Lott under ERISA. Defendant further failed to discharge its duties

in respect to discretionary claims processing solely in the interests of Ms. Richmond-Lott as a participant of the long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

21. Plaintiff is entitled to the benefits identified herein because:

a. the benefits are permitted benefits under the policy;

b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

22. Defendant has ceased to pay the benefits sought by Ms. Richmond-Lott, ignoring the medical records and clear opinions of her physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

23. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 23 as if fully stated herein and says further that:

24. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

25. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

26. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Susan Richmond-Lott, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

***Respectfully submitted this 18th day of March, 2016.***

BY: _*s/ Edward P. Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Geannina Burgos (FBN. 113242)
nina@longtermdisability.net
WAGAR DABDOUB, P.A.
1600 Ponce de Leon Boulevard, Suite 1205
Miami, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsels for Plaintiff, Susan Richmond-Lott*